# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THEOPLIOUS GARDNER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-746** |
| **ROBERT TANNER, CCE, WARDEN**<br>**IVY MORRIS, ARDC SUPERVISOR, RCC** | **SECTION "C"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his state court remedies.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.   STATE COURT PROCEDURAL BACKGROUND

The petitioner, Theoplious Gardner, is incarcerated in the B.B. "Sixty" Rayburn Correctional Center ("Rayburn") in Angie, Louisiana.[2] Gardner was charged by bill of information in Jefferson Parish on December 17, 2009, with the attempted second degree murder of Ernest Harris.[3]

On June 2, 2011, Gardner entered a plea of guilty to attempted second degree murder.[4] After waiver of delays, the state trial court sentenced Gardner to serve 10 years in prison at hard labor.[5] The sentence was ordered to run concurrently and coterminous with any sentence he was currently serving.[6]

Gardner's conviction became final 30 days later, on Tuesday, July 5, 2011, because he did not seek rehearing or file for review in the Louisiana Supreme Court. Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5the Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)); see Cousin v. Lensing, 310 F.3d

---

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 1, Bill of Information, 12/17/09.

[4]St. Rec. Vol. 1 of 1, Minute Entry, 6/2/11; Plea Transcript, 6/2/11; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, 6/2/11.

[5]Id.

[6]Id.

2

843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of appeal under La. Code Crim. P. art. 914[7]); La. Code Crim. P. art. 13 (weekends and holiday not included where they are the last day of the period).

On August 7, 2011, Gardner submitted a letter to the state trial court complaining that Rayburn officials were misapplying the court's sentencing order and improperly calculating his sentence and discharge date.[8] Construing the letter as a motion for assistance from the court, the state trial court denied relief on September 1, 2011, and explained in detail to Gardner that he must present his challenges to the Louisiana Department of Corrections and the 19th Judicial District Court pursuant to La. Rev. Stat. Ann. § 15:571.15 and the Corrections Administrative Remedy Procedure outlined in La. Rev. Stat. Ann. § 15:1171-1179.[9] Gardner did not seek review of this order.

Gardner wrote a second letter to the court, filed September 8, 2011, in which he complained that he was not receiving proper credit for time served in the calculation of

---

[7]The Cousin court recognized that the failure to move timely for appeal under La. Code Crim. P. art. 914 render the conviction and sentence final at the expiration of that period. State v. Counterman, 475 So.2d 336, 338 (La. 1985). At the time of Cousin, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide 30 days for filing of the notice of appeal.

[8]St. Rec. Vol. 1 of 1, Letter to the court, 8/6/11 (dated 8/7/11).

[9]St. Rec. Vol. 1 of 1, Trial Court Order, 9/1/11.

his sentence by Rayburn officials.[10] The state trial court again denied Gardner relief and referred him to La. Rev. Stat. Ann. § 15:571.15 and the administrative procedures at La. Rev. Stat. Ann. § 15:1171-1179.[11] Gardner did not seek review of this order.

On September 25, 2011, Gardner submitted an application for post-conviction relief to the state trial court complaining that he was unaware that his sentence would be changed once he was placed in DOC custody.[12] He also wrote a third letter to the state trial court asking the court to change his sentence to six and one-half years so that the time calculation would work out for his sentences to end at the same time.[13] The state trial court denied the application for post-conviction relief on October 28, 2011, finding that Gardner failed to present a claim for the court to consider.[14] By separate order, the court also denied the request made in Gardner's letter, citing La. Code Crim. P. art. 881 for the proposition that a sentence at hard labor cannot be amended once the defendant has begun serving the sentence.[15] Gardner did not seek review of this order.

---

[10] St. Rec. Vol. 1 of 1, Letter to the Court, 9/8/11.

[11] St. Rec. Vol. 1 of 1, Trial Court Order, 9/22/11.

[12] St. Rec. Vol. 1 of 1, Application for Post-Conviction Relief, 10/4/11 (dated 9/25/11).

[13] St. Rec. Vol. 1 of 1, Letter to the Court, 10/7/11.

[14] St. Rec. Vol. 1 of 1, Trial Court Order, 10/28/11.

[15] St. Rec. Vol. 1 of 1, Trial Court Order (2), 10/28/11.

Gardner wrote another letter to the state trial court on January 3, 2012, complaining that he was unable to seek review in the 19th Judicial District Court, because the order he submitted was "unrecognizable."[16] He also attached a copy of the DOC's denial of his second step of the administrative remedy procedure. The court again denied relief explaining to Gardner that he must pursue his claims pursuant to La. Rev. Stat. Ann. § 15:571.15.[17] Gardner did not seek review of this order.

## II. FEDERAL HABEAS PETITION

On March 15, 2012, the clerk of this court filed Gardner's petition for federal habeas corpus relief in which he states that he is challenging the computation of his sentence by Rayburn and DOC officials, who are refusing to recognize the coterminous designation of his sentence.

The State filed a response in opposition to Gardner's petition, arguing that he has failed to exhaust state court remedies.[18] The State has submitted a letter verified by the a deputy clerk of the Louisiana Supreme Court indicating that Gardner has not filed any related writ applications with that court.[19]

---

[16]St. Rec. Vol. 1 of 1, Letter to the court, 1/7/12 (dated 1/3/12).

[17]St. Rec. Vol. 1 of 1, Trial Court Order, 1/30/12.

[18]Rec. Doc. No. 8.

[19]Rec. Doc. No. 8-1.

III.  GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[20] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Gardner's petition, which, for reasons discussed below, is deemed filed in this federal court on February 28, 2012.[21]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and

---

[20]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[21]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for statute of limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). Gardner's petition was filed by the clerk of this court on March 15, 2012, when the filing fee was received. Gardner's signature on his memorandum in support of the petition was dated February 28, 2012. This is the earliest date appearing in the record on which he could have delivered his pleadings to prison officials for mailing. The fact that he paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See Cousin, 310 F.3d at 843 (mailbox rule applies even if inmate has not paid the filing fee at the time of mailing) (citing Spotville, 149 F.3d at 374).

must not be in "procedural default" on a claim. Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State alleges that Gardner has failed to exhaust state court remedies having failed to raise his challenge to his sentence computation to the Louisiana Supreme Court. I find that Gardner's petition should be dismissed without prejudice for failure to exhaust state court remedies.

IV.     EXHAUSTION OF STATE REQUIRED REMEDIES

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)); accord Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Nobles, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." Whitehead, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); Rose, 455 U.S. at 519-20) (emphasis added).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." Id. (citing Picard v. Connor, 404 U.S. 270, 275-78 (1971)) (emphasis added). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review

7

when that review is part of the State's ordinary appellate review procedures. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); accord Duncan v. Walker, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the "substantial equivalent" of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." Whitehead, 157 F.3d at 387 (citing Picard, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." (emphasis added) Id. (citing Nobles, 127 F.3d at 420). It is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the Louisiana Supreme Court. Baldwin v. Reese, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

Thus, to have exhausted his claims in the state courts, Gardner must have fairly presented the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner and have given that court and the lower state courts an opportunity to address those claims.

The record reflects that Gardner filed for post-conviction relief in the state trial court, and his application was denied for failure to identify a claim. Gardner did not seek review in the higher state courts and therefore has not allowed the state courts one

8

complete round of review of any post-conviction claims. Louisiana law requires that an application for post-conviction relief must first be filed in the district court. La. Code Crim. P. art. 925. The petitioner may then seek supervisory review in the appellate court. La. Code Crim. P. art. 930.6. Louisiana law also provides for discretionary review in the Louisiana Supreme Court. La. S. Ct. Rule X § 5.

Gardner did not follow these procedural channels before seeking review of his conviction and sentence in this federal court. In its response, the State has provided a verification that Gardner has not sought review in the Louisiana Supreme Court. Record Doc. No. 8. As suggested by the State, this failure to complete each step of the review process renders his challenge to his sentence calculation unexhausted under Louisiana's state court post-conviction process.

In addition, Gardner has failed to exhaust administrative review of his claim under the state's Corrections Administrative Remedy Procedure ("CARP"), La. Rev. Stat. Ann. § 15:1171 et seq., and the subsequent supervisory review of that procedure by the state courts pursuant to La. Rev. Stat. Ann. §15:571.15.[22] Under the CARP procedures, an inmate must utilize the administrative procedure established by the DOC, or any facility in which he his housed, to resolve any claims related to his confinement, including time computations. La. Rev. Stat. Ann. § 15:1171(B). Upon completion of the administrative

---

[22]See Madison v. Ward, 825 So.2d 1245 (La. App. 1st Cir. 2002).

9

process, an inmate may seek judicial review by filing suit in the appropriate state district court. La. Rev. Stat. Ann. § 15:1177. La. Rev. Stat. Ann. § 15:571.15 requires that any such suit against the DOC challenging the computation of an inmate's sentence or discharge date must be brought in the 19th Judicial District Court in East Baton Rouge Parish.

The records before this court indicate that Gardner did not proceed to the 19th Judicial District.[23] There is no indication in the record that he proceeded from that court to the Louisiana First Circuit or the Louisiana Supreme Court.[24]

Gardner did not complete the administrative review required by state law, even though he was instructed to do so by the state trial court. He failed to exhaust his state court remedies in any way.

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the petition of Theoplious Gardner for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court and state administrative remedies.

---

[23] St. Rec. Vol. 1 of 1, Letter to the court, 1/6/12 (dated 1/3/12); Rec. Doc. No. 1, Gardner indicates no filings were made in any state court.

[24] See, Rec. Doc. No . 8-1.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[25]

New Orleans, Louisiana, this __2nd__ day of July, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[25]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.